Argued and submitted September 28, reversed and remanded November 17, 2010

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## GRANDEL YAU CHIN PANG,
*Defendant-Appellant.*

Washington County Circuit Court
C063289CR; A138995

243 P3d 135

Mary M. Reese, Senior Deputy Public Defender, argued the cause for appellant. With her on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jeff J. Payne, Assistant Attorney General, argued the cause for respondent. With him on the briefs were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals his convictions on two counts of first-degree sexual abuse and one count of first-degree sodomy. We write to address only his contention that the trial court erred in admitting two experts' diagnoses of child sexual abuse in the absence of physical evidence supporting those diagnoses, *see State v. Southard*, 347 Or 127, 218 P3d 104 (2009), and reject his remaining contentions without discussion. Specifically, defendant asserts that, pursuant to the Oregon Supreme Court's holding in *Southard*, the trial court erred when, in the absence of physical evidence, it admitted a diagnosis of child sexual abuse by a CARES nurse and a provisional diagnosis of child sexual abuse from a clinical social worker. Although defendant did object to the admission of the diagnoses on various bases, it is unclear that any of his objections were sufficient to preserve his current argument that admission of the diagnoses was improper for the reasons addressed in *Southard*. However, regardless of whether defendant's assertion was properly preserved, the trial court's error in admitting that evidence is plain error and, for the reasons expressed in *State v. Merrimon*, 234 Or App 515, 522, 228 P3d 666 (2010), and *State v. Lovern*, 234 Or App 502, 513-14, 228 P3d 688 (2010), we exercise our discretion to correct it. Accordingly, we reverse and remand.

Reversed and remanded.